```
Law Offices of Zaman
Neda A. Zaman
Bar#: 204593
3435 Wilshire Boulevard
Suite 640
Los Angeles, California 90010
Tel: (213) 381-3777
Fax: (213) 381-5866

Attorney for Plaintiff
```

ADR
E-FILING

RECEIVED
2007 NOV 13 PM 4:38
RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

Fee Paid
81
(99)

Filed
NOV 13 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

**C07  05905  RS**

| | |
|---|---|
| YAZDAN TORABIAN | ) |
| | ) Case Number CV- |
| vs. | ) |
| | ) |
| Peter D. KEISLER, Attorney General of the United States, Michael CHERTOFF, Secretary of the United States' Department of Homeland Security, Eduardo AGUIRRE, Acting Director of the Bureau of Citizenship and Immigration Service; Christina POULOS, Director of the California Service Center, and David STILL, San Francisco District Office, Sacramento Sub Office of the Bureau of Citizenship and Immigration Service, | ) Writ of Mandamus |
| Defendants. | ) |

VERIFIED COMPLAINT FOR A WRIT IN THE NATURE OF MANDAMUS
I.  INTRODUCTION

1.    Plaintiff, Yazdan Torabian (hereinafter plaintiff) by and though his undersigned counsel, hereby asks this Court to issue a Writ of Mandamus to review the unreasonable delay in

1  the scheduling of Plaintiff's interview in connection with his application for Naturalization (N-400) filed on October 30, 2006. Plaintiff alleges that scheduling of his interview is being delayed unreasonably and without explanation by the Citizenship and Immigration Service (CIS). Specifically, Plaintiff alleges that Defendants have taken an unreasonable amount of time to complete his background investigation. (See Attached Exhibit A)

In support of this complaint. Plaintiff alleges as follows:

## II. JURISDICTION

2. Jurisdiction is conferred upon this Honorable Court pursuant to Section 1331 of Title 28, as well as Section 1361 of Title 28 of the United States Code (Mandamus Act), and the Administrative Procedure Act (APA) codified at Sections 555(b) and 706(1) of Title 5 of the United States Code, and the Immigration and Nationality Act and regulations implementing it.

3. Pursuant to 28 USC § 1331,"[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." The jurisdiction is proper under 28 U.S.C. § 1331 because the cause of action arises under 28 U.S.C. § 1361 (mandamus), the Administrative procedure Act (APA) 5 U.S.C. § 555 (b) and 5 U.S.C. §702, the Immigration and Nationality Act (INA) and the regulations implementing it codified at Title 8 of Code of Federal Regulations.

4. Section 1361 of Title 28 of the United States Code provides that:

"The district court shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed

- 2 -

1  to the plaintiff". 28 U.S.C. § 1361

3  5.    In addition, the Administrative Procedure Act, in pertinent part provides that: "[W]ith due regards for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it". 5 U.S.C. § 555(b).

9  6.    There are no regulatory administrative remedies available to Plaintiff to redress the grievance described herein. There is, however, an inquiry process in place with CIS and the inquiries have been made. The CIS' responses, however, have been vague and unclear, not specific. This action only challenges Defendants conduct, application of the law, timeliness in adjudications, procedural policies and related practices which are causing the unexplained, unjustified, and unreasonable delay in the scheduling of Plaintiff's.

17 7.    Numerous provisions of the Immigration and Nationality Act and the regulations provide examples of duties owed by the USCIS in the naturalization process. The Immigration and Nationality Act §103 (a)(1) states that "[t]he Attorney General shall be charged with the administration and enforcement of this chapter and all other laws relating to the immigration and naturalization of aliens". INA § 103 (a)(1), 8 U.S.C. §1103, (emphasis added.) The Code of Federal Regulations further provide that "[t]he Service shall accept an application for Naturalization from an applicant....". 8 C.F..R. § 310.2

8. Venue is properly laid in the Eastern District of California, San Jose pursuant to the provisions of Section 1391 (e) of Title 28 of the United States Code, in that a substantial part of the activities and omission complained of occurred in the Eastern District of California, and the Plaintiff reside in this District.

### III. PARTIES

9. Plaintiff is a native and citizen of Iran. On or about October 30, 2006, Plaintiff filed an application for Naturalization (N-400) with the Citizenship and Immigration Service. (See Attached Exhibit A)

10. After many inquiries and in excess of excess of one year has passed since filing of the application and yet CIS has not taken any action on the Naturalization Application filed by the Plaintiff.

11. Defendant Christina Poulos is sued in her official capacity. She is the Director of CIS, California Service Center. As such, she is the Attorney General's designate for the California, charged with the duty of administration and enforcement of all functions, powers, and duties of CIS1.

---

1. On November 25, 2002, the President signed into law the Homeland Security Act of 2002 (Pub. L. No. 107-296), which created the new Department of Homeland Security (DHS). Pursuant to the provisions of the

## IV. FACTS

12. Upon information and belief, the following facts are presented:

13. Plaintiff filed his Application for Naturalization with Defendants on August 7, 2006 and the application remains pending. Defendants refused to schedule him for an interview until his background investigation is completed.

14. Numerous inquiries were made into the status of the application.

15. Defendants failed to provide an adequate and complete explanation and response to the inquiries leaving Plaintiff feeling insecure about his status and without knowledge of why there has been an unreasonable delay in the processing of his application. Plaintiff feels his Immigration status is insecure and that he cannot stabilize his life.

16. Plaintiff is eligible to naturalize as a United States citizen. He has no criminal records or convictions and is a person of good moral character. He is able to complete the process, but for

---

Homeland Security Act, DHS came into existence on January 24, 2003. As provided by the Homeland Security Act and by the Department of Homeland Security Reorganization Plan of November 25, 2002, as modified (Reorganization Plan), the function of the INS of the Department of Justice, and all authorities with respect to those functions, transferred to DHS on March 1, 2003, and the INS was abolished on that date The transition and savings provision of the Homeland Security Act, including sections 1512 (d) and 1517, provide the references relating to INS in statutes, regulations, directives or delegation of authority shall be deemed to refer to the appropriate official or component of DHS.

unexplained and unjustified delays in the processing of his application. He is not a national security risk.

17. Congress has expressed that a reasonable time to adjudicate such applications is six month and the defendants have clearly exceeded the bounds of reasonableness in the time to render a decision in this case.

18. Defendant's are taking no action on Plaintiff's case in spite of the fact that the case has passed Defendant's time guidelines for this type of application.

19. Plaintiff has exhausted all administrative remedies.

20. Defendant's refusal to act in this case is, as matter of law, arbitrary and not in accordance with the law.

21. The Defendants, in violation of the Administrative Procedure Act, 5 U.S.C.§ 701 et seq., are unlawfully withholding or unreasonably delaying action on Plaintiff's application and have failed to carry out the adjudicative functions delegated to them law with regards to his case.

## V. RELEVANT LAW AND PROCEDURE

Timeliness Requirements and Consequences

22. Section 202, codified at 8 U.S.C. §1571, of Title II of the American Competitiveness in the Twenty-First Century Act of 2000 (AC21) clearly lays down the parameters of reasonableness in immigration adjudication, stating "[i]t is the sense of Congress that the processing of an immigration benefit application should be completed no later than 180 days after the initial filing of the application."

23. Section 204 of AC21, 8 U.S.C. §1573, mandates that the Attorney General shall take

˘ 6 ˘

such measures as may be necessary to ... reduce the backlog in the process of immigration benefit application, with the objective of the total elimination of the backlog not later than one year after the enactment of this Act.". The section, furthermore, mandates that future backlog must be prevented.

24. Defendants are also required by 5 U.S.C.§ 555 "within reasonable time... to conclude a matter presented..."

25. Administrative delays may be unavoidable but extensive or repeated delays are unacceptable and will not justify the pace of the action. United Steelworkers of America v. Rubber Mfrs. Ass'n, 783 F.2d 1117, 1119 (D.C. Cir. 1986), Public Citizen Health Research Group v. FDA, 724 F. Supp. 1013, 1019 (D.D.C. 1989); Muwekma Tribe v. Babbitt, 133 F.Supp. 2d 30, 36 (D.D.C. 2000). Courts have found that "the adjudication must occur within a reasonable time" and to hold otherwise would permit the INS to delay indefinitely. Paunesca v. INS, 76 F.Supp.2d 896 (N.D.Ill. 1999).

## VI. INJURY TO PLAINTIFF

26. Defendants have administered laws by unwritten policy rather than by regulation. This raises a feeling of uncertainty and insecurity on the Plaintiff while also frustrating and undermining the will of Congress. Additionally, the Plaintiff, once naturalized, may exercise his right to vote, to travel freely, and seek immigration benefits for his immediate family.

## VII. REQUEST FOR RELIEF

The allegations contained in paragraph 1 through 26 above are repeated ad re-alleged as though fully set forth herein.

a. Defendants have failed to justify the unreasonable delay in adjudication of Plaintiff's Naturalization Application. Any attempt by Defendant to postpone Naturalization is solely dilatory and in bad faith

b. Defendants duty to process the application and adjudicate within a reasonable amount of time is a nondiscretionary duty mandated by the federal laws and judicial precedent.

c. Defendants unreasonable delay has caused irreparable harm to the Plaintiff. Plaintiff has fully complied with all requirements for seeking Naturalization.

d. This unreasonable delay is not attributable to Plaintiff.

e. The Defendant owes Plaintiff a duty to make a determination on the Naturalization application and has unreasonably failed to perform the duty. This duty is owed under the INA and regulations, as well as by the fact that by charging a filing fee, USCIS created for itself an obligation to process the application.

f. This delay is unreasonable per se The delay is unreasonable in light of USCIS estimated processing times and press releases that claim improve processing time and efficiency.

g. The delay is unreasonable in light of the fact that USCIS has been unable to adequately respond to any of Plaintiff's inquiries on his application. By making numerous inquiries on the status of the application, Plaintiff has exhausted any and all administrative remedies that exist.

h. No other remedy exists to resolve Defendant's delay and lack of ability or willingness to make a determination of Plaintiff's Adjustment of Status application.

## VIII. PRAYER

WHEREFORE, Plaintiff prays that this Honorable Court:

Assume jurisdiction herein;

~ 8 ~

1 Compel the Defendant and those acting under her to perform their duty or duties to adjudicate
2 the naturalization application;
3 Grant such other and further relief, as this Honorable Court deems appropriate and just;
4 Dated:
5
6 Respectfully submitted,
  Law Offices of Neda A. Zaman
7 3435 Wilshire Boulevard
  Suite 640
8 Los Angeles, Ca 90010
9
10 By: *Neda A. Z.*
11 Neda A. Zaman
   Attorney at Law
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

U.S. Citizenship and Immigration Services

I-797C, Notice of Action

THE UNITED STATES OF AMERICA

| Receipt | | | |
|---|---|---|---|
| CASE TYPE<br>N400 Application For Naturalization | | | NOTICE DATE<br>November 06, 2006 |
| APPLICATION NUMBER<br>WSC*001614943 | RECEIVED DATE<br>October 30, 2006 | PRIORITY DATE<br>October 30, 2006 | USCIS A#<br>A 079 535 578<br>PAGE<br>1 of 1 |

APPLICANT NAME AND MAILING ADDRESS

YAZDAN TORABIAN
4685 ALBANY CIR 142
SAN JOSE CA 95129

PAYMENT INFORMATION:

Single Application Fee: $400.00
Total Amount Received: $400.00
Total Balance Due: $0.00

The above application has been received by our office and is in process. Our records indicate your personal information is as follows:

Date of Birth:           August 23, 1977
Address Where You Live:  4685 ALBANY CIR 142
                         SAN JOSE CA 95129

Please verify your personal information listed above and immediately notify our office at the address or phone number listed below if there are any changes.

You will be notified of the date and place of your interview when you have been scheduled by the local USCIS office. You should expect to be notified within 365 days of this notice.

If you have any questions or comments regarding this notice or the status of your case, please contact our office at the below address or customer service number. You will be notified separately about any other cases you may have filed.

If you have other questions about possible immigration benefits and services, filing information, or USCIS forms, please call the USCIS National Customer Service Center (NCSC) at 1-800-375-5283. If you are hearing impaired, please call the NCSC TDD at 1-800-767-1833.

If you have access to the Internet, you can also visit USCIS at www.uscis.gov. Here you can find valuable information about forms and filing instructions, and about general immigration services and benefits. At present, this site does not provide case status information.

USCIS Office Address:
U.S. CITIZENSHIP AND IMMIGRATION SERVICES
CALIFORNIA SERVICE CENTER
P.O BOX 10400
LAGUNA NIGUEL CA 92607-

USCIS Customer Service Number:
(800) 375-5283

APPLICANT COPY

WSC$001725890

Form I-797C (Rev. 01/31/05) N

Department of Homeland Security
U.S. Citizenship and Immigration Services

**I-797C, Notice of Action**

## THE UNITED STATES OF AMERICA

| | |
|---|---|
| Fingerprint Notification | NOTICE DATE: November 07, 2006 |
| CASE TYPE: N400 Application For Naturalization | USCIS A#: A 079 535 578 |
| APPLICATION NUMBER: WSC*001614943 | RECEIVED DATE: October 30, 2006 | PRIORITY DATE: October 30, 2006 | PAGE: 1 of 1 |

APPLICANT NAME AND MAILING ADDRESS:
YAZDAN TORABIAN
4685 ALBANY CIR 142
SAN JOSE CA 95129

BIOMETRICS PROCESSING STAMP
ASC SITE CODE: XIE/SANJOSE
BIOMETRICS QA REVIEW BY: ___ ON ___
TENPRINTS QA REVIEW BY: ___ ON NOV 2 5 200_

To process your application, USCIS must take your fingerprints and have them cleared by the FBI. **PLEASE APPEAR AT THE BELOW APPLICATION SUPPORT CENTER AT THE DATE AND TIME SPECIFIED.** If you are unable to do so, complete the bottom of this notice and return the entire original notice to the address below. **RESCHEDULING YOUR APPOINTMENT WILL DELAY YOUR APPLICATION. IF YOU FAIL TO APPEAR AS SCHEDULED BELOW OR FAIL TO REQUEST RESCHEDULING, YOUR APPLICATION WILL BE CONSIDERED ABANDONED.**

| APPLICATION SUPPORT CENTER | DATE AND TIME OF APPOINTMENT |
|---|---|
| CIS SAN JOSE<br>122 CHARCOT AVE.<br>SAN JOSE CA 95131 | 11/25/2006<br>02:00 PM |

**WHEN YOU GO TO THE APPLICATION SUPPORT CENTER TO HAVE YOUR FINGERPRINTS TAKEN, YOU MUST BRING:**
1. THIS APPOINTMENT NOTICE and
2. PHOTO IDENTIFICATION. Naturalization applicants must bring their Alien Registration Card. All other applicants must bring a passport, driver's license, national ID, military ID, or State-issued photo ID. If you appear without proper identification, you will not be fingerprinted.

**PLEASE DISREGARD THIS NOTICE IF YOUR APPLICATION HAS ALREADY BEEN GRANTED.**

### REQUEST FOR RESCHEDULING

Please reschedule my appointment for the next available:  ☐ Wednesday afternoon   ☐ Saturday afternoon

USCIS cannot guarantee the day preferred, but will do so to the extent possible.
Upon receipt of your request, you will be provided a new appointment notice. Please mail your request to:

CIS SAN JOSE
122 CHARCOT AVE.
SAN JOSE CA 95131

If you have any questions regarding this notice, please call 1-800-375-5283.   **APPLICANT COPY**

APPLICATION NUMBER
WSC*001614943

**WARNING!**
*Due to limited seating availability in our lobby areas, only persons who are necessary to assist with transportation or completing the fingerprint worksheet should accompany you.*

Form I-797C (Rev. 01/31/05) N